**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Viceute Pedrote Hernandez, individually and on behalf of all similarly situated employees, Plaintiff v. El Campo Chili & Spice LLC, and Ernesto Hernandez, individually, Defendants | |

**COMPLAINT**

The Plaintiff Viceute Pedrote Hernandez ("Plaintiff"), individually and on behalf of all similarly situated employees, through 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 115/4, the Illinois Wage Payment and Collection Act ("IWPCA"), complains against El Campo Chili & Spice ("El Campo") and Ernesto Hernandez ("Hernandez") (both referred to as "Defendants"), states:

**JURISDICTION AND VENUE**

1. This Honorable Court has subject matter jurisdiction over the federal wage claim through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

2. This Honorable Court has supplemental jurisdiction over the Illinois wage claim through 28 U.S.C. § 1367 because it is so related to Plaintiff's federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

4. Plaintiff resides in and is domiciled in, and was employed by Defendants in Cook County, which is in this judicial district.

5. During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., and the IMWL, 820 ILCS 105/1 et seq.

6. During the course of his employment, Plaintiff took orders from clients, dealt with shipping and receiving, and made deliveries.

### Defendants

7. Defendant El Campo is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

8. Based on information and belief, Defendant El Campo has annual gross sales of $500,000.00 or more.

9. Plaintiff and other similarly-situated employees of Defendants, handled goods which moved in interstate commerce.

10. Defendant El Campo was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

11. Defendant Ernesto Hernandez is the owner of El Campo and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts,

including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

12. Defendant Ernesto Hernandez was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, and 820 ILCS § 105/3.

13. Upon information and belief, Defendant Ernesto Hernandez resides and is domiciled in this judicial district.

## FACTS

14. Plaintiff worked for El Campo from April 30, 2014 to September 4, 2015.

15. During the course of his employment, Plaintiff took orders from clients, dealt with shipping and receiving, and made deliveries.

16. Throughout the course of Plaintiff's employment with Defendants and in the three (3) years prior to Plaintiff filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks.

17. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks.

18. In the three (3) years prior to Plaintiff filing his Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

19. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiff overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours. Instead, Defendants paid Plaintiff $10.00 for all hours worked including hours worked in excess of forty (40) hours per week.

20. Plaintiff worked approximately 50 hours per week.

21. Defendants paid Plaintiff's wages to him partly in cash and partly by check

22. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

23. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times the regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## COUNT I: FLSA OVERTIME WAGE VIOLATION

24. Plaintiff incorporates all preceding paragraphs as if fully restated.

25. This Count arises from Defendants' willful FLSA violation for failure to pay Plaintiff and other similarly situated employees all earned overtime wages.

26. Through 29 U.S.C. § 216(b), this action may be maintained by any Plaintiff damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

27. Plaintiff was directed by Defendants to work, and did work, over forty (40) hours weekly.

28. Because Plaintiff worked over forty (40) hours weekly and was non-exempt from overtime wages, Plaintiff was entitled to received overtime wages.

29. All past and present employees of Defendants who performed non-exempt work and were not paid overtime wages are similarly situated to Plaintiff, because Defendants applied its illegal compensation policies, on a company-wide basis.

30. Defendants' failure to pay overtime wages was willful because Defendants did not act in good faith and had no reasonable grounds for believing that failing to pay overtime wages was not a FLSA violation.

31. Through 29 U.S.C. § 255(a), Plaintiff and other similarly situated employees are entitled to all unpaid overtime wages for up to three (3) years from the date of this complaint's filing because Defendants' FLSA violation was willful.

32. Through 29 U.S.C. § 260, Plaintiff and other similarly situated employees are entitled to recover liquidated damages because Defendants' FLSA violation was willful.

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action through the FLSA.

B. Award all unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours weekly;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare that Defendants violated the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief deemed just.

## COUNT II: IMWL OVERTIME WAGE VIOLATION

33. Plaintiff incorporates all preceding paragraphs as if fully restated.

34. This Count arises from Defendants' IMWL violation for failure to pay Plaintiff and other similarly situated employees their earned overtime wages.

35. Plaintiff and similarly situated employees are entitled to be paid for all work performed.

36. Defendants directed Plaintiff to work and Plaintiff worked, over forty (40) hours weekly.

37. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees overtime wages for all hours worked over forty (40) weekly.

38. Through 820 ILCS § 105/12(a), Plaintiff is entitled to all unpaid overtime wages for three (3) years before this suit's filing whether Defendants' IMWL violation was willful or not.

39. Through 815 ILCS § 205/2, Plaintiff are entitled to recover interest for three (3) years before this suit's filing whether Defendants' IMWL violation was willful or not

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Award Statutory damages as set forth in 820 ILCS § 105/12(a);

B. Award Statutory interest as set forth in and 815 ILCS § 205/2;

C. Declare that Defendants violated the IMWL;

D. Award reasonable attorneys' fees and costs; and

E. Grant any other relief deemed just.

## COUNT III - IWPCA

40. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

41. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff and the class of employees he seeks to represent all wages earned during all time worked for Defendant at the rate agreed to by the parties, including by not limited to the same, Plaintiff's vacation pay.

42. Defendants have employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (10) years.

43. Plaintiff and other employees are equally affected by Defendants' unpaid wage violations, and the relief sought is for the benefit of the Plaintiff named in this lawsuit and the class that Plaintiff seeks to represent.

44. Defendants violated the IWPCA by failing to compensate Plaintiff and members of the class consistent with the IWPCA's wage provisions.

B. Pursuant to 820 ILCS §115/14(a), Plaintiff, who was not timely paid wages, final compensation, or wage supplements by Defendants are entitled to the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

C. Pursuant to 820 ILCS §115/14(a), Plaintiff is also entitled to recover costs and all reasonable attorney's fees.

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**/s/ Susan J. Best**
Susan J. Best (6302403)
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-445-9662
sbest@yourclg.com